Minute Order Form (06/97)

55-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 838 | DATE | 4/25/2001 |
| CASE TITLE | ELIZABETH KINNEY vs. FEDERAL SECURITY, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The petition for a temporary injunction [1-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | 35 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/25/2001 | |
| SB | courtroom deputy's initials | 01 APR 27 AM 7:20 | date mailed notice jad | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ELIZABETH KINNEY, REGIONAL )
DIRECTOR OF REGION 13 OF THE )
NATIONAL LABOR RELATIONS BOARD, ) No. 01 C 0838
FOR AND ON BEHALF OF THE NATIONAL )
LABOR RELATIONS BOARD, ) Suzanne B. Conlon, Judge
)
Plaintiffs, )
)
v. )
)
FEDERAL SECURITY, INC., AND ITS ALTER )
EGOS OR AGENTS, JAMES R. SKRYZPEK )
AND JANICE M. SKRYZPEK, INDIVIDUALS, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Elizabeth Kinney ("Kinney"), on behalf of the National Labor Relations Board ("NLRB"), seeks a temporary injunction to restrain Federal Security, Inc. ("Federal Security"), James R. Skryzpek, and Janice M. Skryzpek (collectively "respondents") from pursuing an ongoing Illinois case against 17 former Federal Security employees.[1] *Skryzpek, et al. v. Brewer, et al.*, No. 00 L 06317 (Circuit Court of Cook County) ("the state case"). Kinney contends respondents' suit is baseless and brought in retaliation against the former employees for filing of charges with the NLRB, in violation of § 8(a)(1), (4) of the National Labor Relations Act ("NLRA").

---

[1] On March 2, 2001, this court denied the NLRB's petition for a temporary restraining order pertaining to the enforcement of default judgments against the former employees.

## BACKGROUND

The state case is based on allegations that the former employees conspired to give false testimony against Federal Security in a NLRB unfair labor charge. In October 2000, the state court issued a default order against 11 of the former employees. The state court subsequently vacated two of these defaults. The non-defaulted former employees are actively defending the action.

On March 6, 2001, the state judge dismissed Federal Security's abuse of process and related conspiracy claim. The judge further instructed Federal Security to file an amended complaint for the remaining malicious prosecution and conspiracy claims. Respondents amended their complaint on March 23, 2001.

On March 13, 2001, the NLRB held a hearing to determine whether respondents' filing of the state case is an unfair labor practice. The administrative judge has not yet issued a ruling. Kinney requests that the state case and enforcement of default judgments be stayed until the NLRB reaches a final decision on this matter.

## DISCUSSION

### I. Jurisdiction

Section 10(j) of the NLRA authorizes district courts to grant temporary injunctions pending the NLRB's resolution of unfair labor practice proceedings. This provision reflects Congress' desire to prevent unfair labor practices from causing substantial injury while NLRB proceedings are "making their stately progress to conclusion." *NLRB v. P\*I\*E Nationwide, Inc.*, 894 F.2d 887, 891 (7th Cir. 1990).

Respondents contend they are not bound by the NLRA and, thus, the NLRB lacks jurisdiction over the Skryzpeks. It is undisputed that the NLRA only applies to individuals and entities that have

2

engaged in interstate commerce. Respondents assert that Kinney offers no evidence showing the Skryzpeks engaged in interstate commerce. Kinney asserts this jurisdictional requirement is satisfied because the Skryzpeks are alter egos of Federal Security. These arguments have no bearing on whether this court has jurisdiction to grant injunctive relief. Section 10(j) grants a court the authority to issue injunctive relief if a case is pending before the NLRB. It will ultimately be the NLRB's decision as to whether the NLRA applies to the Skryzpeks.

## II. Injunctive Relief Standard

Kinney has the burden of establishing that the extraordinary remedy of injunctive relief is just and proper. 29 U.S.C. § 160(j). In determining whether this burden is satisfied, courts consider the following factors: (1) petitioner's likelihood of success on the merits; (2) whether there is an adequate remedy at law; (3) whether irreparable harm to the NLRB absent an injunction outweighs the harm an injunction would inflict on respondents; and (4) whether public harm would result absent the injunction. *NLRB v. Electro-Voice, Inc.*, 83 F.3d 1559, 1566-67 (7th Cir. 1996). Kinney must establish the second and fourth prongs by a preponderance of the evidence. *Id.* at 1567. Additionally, Kinney must show irreparable harm to the NLRB by a preponderance of the evidence. *Id.* However, Kinney is not required to establish that harm to the NLRB outweighs respondents' harm if there is a strong showing that success on the merits is likely. *Id.* at 1567-68. In other words, the likelihood of success and balancing of harms are evaluated on a sliding scale. *Id.* at 1568.

## III. Analysis

### A. Likelihood of success on the merits

The NLRB may order the cessation of a state lawsuit when the lawsuit is baseless and brought for the purpose of retaliating against an employee for exercising rights protected by the NLRA. *Geske*

3

& Sons, Inc. v. National Labor Relations Board, 103 F.3d 1366, 1372 (7th Cir. 1997). The greater the likelihood the NLRB can establish these two elements, the heavier this factor weighs in favor of the NLRB for purposes of injunctive relief. *Electro-Voice, Inc.*, 83 F.3d at 1568.

If respondents do not present evidence to the NLRB showing their lawsuit raises genuine issues of material fact or issues of state law, then the NLRB may properly find that the suit is baseless. *Bill Johnson's Restaurant, Inc. V. National Labor Relations Board*, 461 U.S. 731, 745-46 (1983); *Geske & Sons, Inc.*, 103 F.3d at 1372. Kinney contends that during the March 13th hearing before the administrative law judge, respondents refused to present any evidence showing the former employees lied in their unfair labor charge. This is not entirely accurate. Respondents correctly asserted they were not required to prove during the hearing that the former employees lied. Kinney's Petition ("Petition"), Ex. 1, Tr. at 38; *See also Bill Johnson's Restaurant, Inc.*, 461 U.S. at 744-45 (a "virtual trial on the merits" is not required when the NLRB is determining whether a lawsuit is baseless). However, respondents did present evidence showing there is a genuine issue of material fact as to whether the former employees lied. James Skryzpek testified that Michael Davenport, a former Federal Security employee, told him the former employees set Skryzpek up and their labor lawyer falsified affidavits used in the NLRB charge. *Id.* at 127-28. Davenport denied this conversation ever took place. *Id.* at 75-76. This discrepancy in testimony creates a genuine issue of material fact as to whether the former employees lied in their unfair labor charge.

Kinney also attempts to establish respondents' state case is baseless as a matter of law. Specifically, Kinney contends statements made in the course of a NLRB proceeding are privileged and cannot be the basis for a private cause of action. In addition, Kinney asserts it is likely Illinois law will not permit a malicious prosecution claim based on the initiation of proceedings before an

4

administrative agency. The likelihood of Kinney succeeding on these claims is minimal. The state judge clearly disagreed because there is no evidence he dismissed respondents' claims on these grounds. Furthermore, the case law cited by Kinney does not support her absolute privilege argument. The cited cases refer to absolute privilege from libel charges, not perjury.[2]

Kinney further contends respondents did not offer sufficient evidence to support the elements of malicious prosecution. However, respondents are not required to present their entire case to the NLRB. If they do not have sufficient evidence to sustain a malicious prosecution claim, the state judge will dismiss the case.

Even if there were a likelihood Kinney could establish respondents' state case was baseless, it is unlikely Kinney could show respondents brought the lawsuit for a retaliatory purpose. Janice Skryzpek testified at the administrative hearing that the state case was filed to recover Federal Security's legal fees. Petition, Ex. 1, Tr. at 114-15. Kinney contends this testimony is insufficient to overcome the evidence that the state case was filed "in retaliation for the guards' [sic] having asserted their statutory right to use the Board's processes, as admitted repeatedly in the Verified Complaint." Petition at p. 11. Kinney fails to specify where in the verified complaint these admissions are allegedly made, nor does a review of the complaint support Kinney's characterizations. In fact, the complaint appears to clearly state the lawsuit was filed to recover legal fees caused by the former employees' false allegations. Cmplt. at Count I, § 55; Count II, § 51; Count III, § 50. Respondents also allege damage to reputation. However, this damage was allegedly caused by the former employees conspiring to give false testimony during the NLRB hearing, not merely by filing charges.

---

[2] *Thomas v. Petrulis*, 465 N.E.2d 1059 (Ill. App. Ct. 1984); *Walker v. Gibson Jr.*, 633 F.Supp. 88 (N.D. Ill. 1985); *Lykowski v. Bergman*, 700 N.E.2d 1064 (Ill. App. Ct. 1998).

5

In addition, Kinney contends filing a baseless lawsuit is evidence of retaliation. However, Kinney is unlikely to establish the lawsuit is baseless. Therefore, she is unlikely to establish retaliation on this basis. The unlikelihood of Kinney's success on the merits of her claim does not weigh in favor of an injunction.

### B. Adequate remedy at law

For the reasons discussed in this court's March 2, 2001 order, the defaulted employees were not denied an adequate remedy at law. Kinney does not dispute the factual basis for the default orders. The defaulted employees failed to appear and failed to respond to the complaint. Injunctive relief may not be granted if an employee has failed to pursue available and adequate legal remedies.

In regard to the employees actively defending themselves, the NLRB has failed to show by a preponderance of the evidence that they lack the financial resources to oppose the lawsuit. In fact, the evidence establishes the lawsuit is proceeding and they are represented by an attorney. The NLRB offers financial affidavits from only two of the eight non-defaulted employees. These affidavits fail to explain why *pro se* appearances are not a viable option. Furthermore, although the affidavits state the affiants' salaries, they do not state the rate of their attorney's fees. Moreover, the affiants do not state they are unable to pay the costs of litigating the state case. Accordingly, there is insufficient evidence that any of the former employees do not have an adequate remedy at law.

### C. Balance of harms

Kinney contends irreparable harm will occur if an injunction is not granted because the remedial purpose of the NLRA will be threatened. The remedial purpose of the NLRA is undermined when employers bring baseless and retaliatory actions. *Geske,* 103 F.3d at 1379. As discussed above, it is unlikely Kinney can establish Federal Security's state case is baseless and retaliatory.

6

Consequently, Kinney has failed to show that irreparable harm would be inflicted if the state case and enforcement of the default judgments are not stayed pending resolution by the NLRB. Similarly, respondents fail to show they will be substantially harmed by a temporary injunction. Therefore, the balance of harms does not weigh in favor of either side.

**D. Public interest**

Kinney and respondents dispute whether thwarting the remedial purposes of the NLRA is considered an act that harms the public. Assuming the thwarting of the remedial purposes of the NLRA causes public harm, the public interest would not be served by injunctive relief because it is unlikely Kinney can establish the state case is baseless and motivated by retaliation.

## CONCLUSION

The petition for a temporary injunction is denied.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

April 25, 2001