# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 01 C 838 | **DATE** | 6/6/2002 |
| **CASE TITLE** | Elizabeth Kinney et al. vs. Federal Security, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Report and Recommendation submitted to Judge Conlon. It is recommended that the district court permit Federal Security to supplement its Equal Access to Justice Act application. AK

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUN 0 6 2002 date docketed | 75 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | 6/6/2002 | |
| ✓ | Copy to judge/magistrate judge. | 02 JUN -6 PM 1:57 | date mailed notice | |
| | FT/ *secy* courtroom deputy's initials | Date/time received in central Clerk's Office | FT mailing deputy initials | |

```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

| | |
|---|---|
| ELIZABETH KINNEY, REGIONAL ) <br> DIRECTOR OF REGION 13 OF THE ) <br> NATIONAL LABOR RELATIONS ) <br> BOARD, FOR AND ON BEHALF OF ) <br> THE NATIONAL LABOR RELATIONS ) <br> BOARD, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> FEDERAL SECURITY, INC., AND ITS ) <br> ALTER EGOS OR AGENTS, JAMES R. ) <br> SKRYZPEK AND JANICE M. ) <br> SKRYZPEK, INDIVIDUALS, ) <br> ) <br> Defendants. ) | No. 01 C 0838 <br><br> Judge Suzanne B. Conlon <br><br> Magistrate Judge <br> Arlander Keys <br><br><br><br> **DOCKETED** <br> JUN 0 6 2002 |

TO: THE HONORABLE SUZANNE B. CONLON
    UNITED STATES DISTRICT COURT

**REPORT AND RECOMMENDATION**

This Court must determine whether a timely-filed application for fees, filed under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 et seq. (West 2002), may be supplemented after the 30-day period for filing has run. For the reasons set forth below, this Court is of the opinion that supplementation should be allowed.

**PROCEDURAL HISTORY**

On June 2, 2000, Federal Security ("FS") filed suit in state court against several of its former employees, alleging that the defendants had conspired to give false testimony against FS in a

purportedly baseless unfair labor practice charge before the National Labor Relations Board ("NLRB"). (See Opinion by the Honorable Suzanne B. Conlon dated April 25, 2001 [hereinafter "Conlon Opinion"] at 2).[1] This lawsuit prompted the former employees to file a second NLRB charge, alleging that FS's lawsuit was an unfair labor practice designed to punish the former employees for their participation in the original NLRB charge. In October, 2000, the state court issued default orders against 11 of the former employees; two of the default orders were subsequently vacated. (Conlon Opinion at 2). FS then moved for a prove-up hearing to reduce the defaults to judgments. In response, the NLRB filed for a request for a temporary restraining order ("TRO") in federal court in the Northern District of Illinois, seeking to halt the prove-up of damages in the state case.

On March 2, 2001, the district court denied the NLRB's request for a TRO to halt the prove-up of damages in the state court action. The NLRB subsequently requested a TRO to halt the state action in its entirety, which the district court denied on April 25, 2001. The NLRB filed an appeal with the United States Court of Appeals for the Seventh Circuit. Prior to oral argument

---

[1] See Skrzypek, et al. v. Brewer, et al., No. 00 L 06317 (Circuit Court of Cook County, 2000) (hereinafter "state case"). The Skrzpeks brought the state case as successors-in-interest of Federal Security.

2

before the Seventh Circuit, the NLRB ruled on the unfair labor practice charges. The parties requested that the Seventh Circuit dismiss the case as moot, which the Court did on November 27, 2001. The Seventh Circuit remanded the case to the district court, with directions to vacate its judgment and dismiss as moot the NLRB's petition for a TRO. The Seventh Circuit further stated that, on remand, the district court may consider FS's request for fees.

On January 24, 2002, the Seventh Circuit opinion was entered on the district court's docket. However, the district court has not yet entered an order vacating its judgment and dismissing the NLRB's petition, as mandated by the Seventh Circuit.

On December 19, 2001, FS filed an EAJA petition for fees incurred in defending the NLRB's petition for a TRO, and the NLRB's appeal to the Seventh Circuit. On February 8, 2002, the NLRB filed a motion to dismiss FS's application for fees under the EAJA, arguing that FS's affidavits were insufficient to establish its eligibility under the EAJA. FS filed a motion for leave to file supplemental affidavits, or in the alternative, asking the district court for leave to withdraw the EAJA fee petition and re-file within the EAJA statutory time period.

## DISCUSSION

There are two questions before the Court: 1) should FS be permitted to supplement its EAJA application; and 2) did the 30-

3

day period for filing a petition under the EAJA begin to run on November 27, 2001, when the appellate court dismissed the NLRB's appeal as moot? The Court will address each issue in turn.

I. **Supplementation Should Be Allowed.**

Congress enacted the EAJA to ensure that parties with limited financial resources would not be deterred from contesting government action. *Sierra Club v. Brown,* No. 96 C 4768, 1999 WL 515496, at *1 (N.D. Ill. July 13, 1999). The EAJA directs that a party seeking fees "shall" file a fee application within thirty days of a "final judgment" in the underlying action. 28 U.S.C. § 2412(d)(1)(A) (West 2002). Section 2412(d)(1)(B) of the EAJA sets forth four pleading requirements: 1) the applicant must demonstrate that it is a "prevailing party;" 2) the applicant must demonstrate that it is eligible for an award; 3) the applicant must provide an itemized statement from an attorney or expert stating the actual time expended and the rate charged; and 4) the applicant must allege that the government's position was not substantially justified. 28 U.S.C. § 2412(d)(1)(B) (West 2002). Consistent with Congressional intent to limit recovery to those with limited financial resources, the EAJA limits eligibility for fees to individuals with a net worth that does not exceed $2,000,000 at the time of the suit's commencement; or businesses, partnerships, associations, or local government units with a net worth that does not exceed $7,000,000 and that

4

do not employ more than 500 employees. 28 U.S.C. § 2412 (D)(2)(B) (West 2002); *Sierra Club v. Brown*, No. 96-C4768, 1999 WL 652047 (N.D. Ill. Aug. 20, 1999). The burden is on the applicant to establish its eligibility for fees under the EAJA. *Estate of Woll v. United States*, 44 F.3d 464, 470 (7th Cir. 1994).

The NLRB contends that FS's EAJA application fails to satisfy the EAJA's pleading requirements regarding its net worth eligibility, because FS's application merely states that its net worth did not exceed $2,000,000 at the time the lawsuit was filed, and does not include any supporting documentation. The NLRB further contends that an incomplete EAJA application may not be supplemented after the filing period has run, because the EAJA's filing and pleading requirements are jurisdictional in nature. FS counters that, while the EAJA's filing requirements are jurisdictional, its pleading requirements are not, and, therefore, supplementation after the filing period has run is permissible. The parties' arguments reflect the division between several circuit courts, holding that petitioners may (in certain circumstances) supplement their EAJA petitions, and several district courts, holding that such supplementation is impermissible.

## A. Cases Allowing Supplementation

At least six United States Courts of Appeals, including the Seventh Circuit, have determined that the EAJA's thirty-day time limit for submitting a fee application is jurisdictional in nature. *Bazalo v. West*, 150 F.3d 1380, 1383 (Fed. Cir. 1998); *J.M.T. Mach. Co. v. United States*, 826 F.2d 1042, 1047 (Fed. Cir. 1987); *Peters v. Sec'y of Health and Human Resources*, 934 F.2d 693, 694 (6th Cir. 1991); *Damato v. Sullivan*, 945 F.2d 982, 986 (7th Cir. 1991); *Welter v. Sullivan,* 941 F.2d 674, 675 (8th Cir. 1991); *Yang v. Shalala*, 22 F.3d 213, 215 n.4 (9th Cir. 1994); *Newsome v. Shalala*, 8 F.3d 775, 777 (11th Cir. 1993). As such, a district court does not have jurisdiction to review an EAJA fee application that is not timely filed. *Id.*

The issue presented in the instant case is slightly different; the NLRB does not deny that FS's application was timely filed. The NLRB does challenge FS's request to supplement its timely-filed application to more fully comply with the EAJA's pleading requirements. Only four circuits have directly addressed the issue of whether a party may supplement a timely filed EAJA application; each concluding that the application may be supplemented to meet the four pleading requirements. The Third, Sixth, Eleventh and Federal Circuits have acknowledged that waivers of sovereign immunity must be strictly construed, and that the EAJA clearly requires applications to be filed

6

within 30 days of a final judgment. *See, e.g., Dunn v. United States*, 775 F.2d 99, 104 (3rd Cir. 1985); *United States v. True*, 250 F.3d 410, 420 (6th Cir. 2001); *Singleton v. Apfel*, 231 F.3d 853, 858 (11th Cir. 2000); *Bazalo v. West*, 150 F.2d 1380, 1383 (Fed. Cir. 1998). However, these courts have held that the "filing requirement" of the EAJA must be distinguished from the "pleading requirement" of the statute, concluding that only the filing requirement is jurisdictional. *Id.* The Fifth Circuit explained its reasons for distinguishing between the two in *Dunn*:

> Requiring the filing of a fee claim (or any other) with the court . . . serves the purpose of establishing a means certain for proving compliance with a time bar. Such certainty is required in most situations in the interest of finality and reliance. But once the claim is filed, whether or not it is as complete as it should be, the interests of proof of timeliness and of finality and reliance have been satisfied. What remains is the fleshing out of the details.

775 F.2d at 103-04[2]. As long as the application is timely filed, these courts reason, courts retain subject matter jurisdiction to permit applicants to supplement their fee applications.

---

[2] The *Dunn* court also noted that "there are good reasons why the pleading requirements should be read as permitting some degree of flexibility. We know from our experience, both under the [EAJA] and in other instances, of departure from the American Rule on fees that fee petitions must be prepared with great care because they are often hotly contested. Litigation over fee amounts has on some occasions been as protracted as the underlying lawsuit. Congress could not have been unmindful of this reality." 775 F.2d at 104.

7

## B. Cases Not Allowing Supplementation

No circuit court has ruled that a lack of subject matter jurisdiction prohibits parties from supplementing a timely filed EAJA application to "flesh out" the EAJA's pleading requirements. However, several district courts have sided with the dissents in *Dunn* and *Bazalo*, ruling that courts lack subject matter jurisdiction to permit such supplementation. *See United States v. Hopkins Dodge Sales, Inc.*, 707 F. Supp. 1078, 1081 (D. Minn. 1989); *Sierra Club v. Brown*, No. 96-C4768, 1999 WL 515496 (N.D. Ill. July 13, 1999) (ruling on plaintiffs' EAJA application) and 1999 WL 652047, (N.D. Ill. Aug. 20, 1999) (ruling on plaintiffs' Motion for Reconsideration); *F.D.I.C. v. Fleischer*, No. 93-2062-JWL, 1996 WL 707030, at *4 n.4 (D. Kan. Oct. 16, 1996). The dissent in *Bazalo* posits first that the EAJA is a waiver of sovereign immunity and must, therefore, be strictly construed. 150 F.3d at 1384 (Schall, J., dissenting). The *Bazalo* dissent then argues that, because the time limit and pleading requirements are found in a single sentence of the EAJA, basic principles of statutory construction dictate that the EAJA not be read as differentiating between the time requirement and the pleading requirement. *Id.*

Similarly, the district court in *Sierra Club*, citing the dissent in *Dunn*, denied the plaintiffs' EAJA application for fees because they failed to establish their status as "parties" within

8

the statutory time period. 1999 WL 652047, at *1 (ruling on plaintiffs' motion for reconsideration.) The *Sierra* court held that "procedural fairness required the plaintiffs to establish their eligibility in the first instance possible...so defendants would not waste time and money addressing superfluous arguments." *Sierra*, 1999 WL 652047, at *2 (ruling on plaintiffs' motion for reconsideration.) The court noted that "[t]he question of eligibility is particularly acute in this case where the lead plaintiff appears ineligible for fees." 1999 WL 515496, at *2 (ruling on plaintiffs' EAJA fee application.) The court acknowledged the debate between the various circuit and district courts, and concluded that supplementation of the EAJA application should not be permitted, stating that "[b]oth procedural fairness and the law concerning sovereign immunity dictate this court's refusal to permit plaintiff's supplementation of their EAJA application after the jurisdictional time limit has expired." 1999 WL 652047, at *3.

The Court is of the opinion that the instant case is distinguishable from *Sierra Club*, and that, according to a recent decision in the Federal Circuit, this distinction warrants permitting FS to supplement its EAJA application. In *Sierra Club*, the district court noted that neither the plaintiffs' original EAJA application, nor the plaintiffs' amended EAJA application *even mentioned* the plaintiffs' eligibility as EAJA

9

parties. 1999 WL 515496, at *2 (ruling on plaintiffs' EAJA application). Conversely, in the instant case, FS's application states that it is an eligible party under the EAJA, but fails to bolster this assertion with supporting documentation.

The Federal Circuit's recent decision in *Scarborough v. Principi*, 273 F.3d 1087, 1092 (Fed. Cir. Dec. 10, 2001) reveals that this is a distinction with a significant difference. The *Scarborough* court clarified that, not only does the EAJA require that applications be filed within 30 days of final judgment, but also that applications must address each of the EAJA's four pleading requirements. *Id.* at 1091-92. Only timely-filed applications that contain averments addressing each of the four pleading requirements can be supplemented; conversely, applications that completely fail to address one of the four requirements are jurisdictionally defective. *Id.* The Federal Circuit explained that "[w]hile the statute requires that the application address each of the requirements of the EAJA within the thirty-day period, the statutory language does not mandate strict compliance or foreclose supplementation where the details of the stated jurisdictional averments remain to be fleshed out or corrected." *Id.* (distinguishing *Dunn* and *Singleton*.)

The Court is of the opinion that the rationale of *Scarborough* is persuasive. The *Scarborough* decision effectively balances the court's interest in strictly construing waivers of

sovereign immunity without "narrow[ing] the waiver that Congress intended." *Singleton*, 231 F.3d at 858 ("Congress did not intend the EAJA application process to be a high stakes gamble in which one pleading failure . . .completely forecloses a litigant's opportunity for EAJA fees.") *See also* H.R. Rep. No. 120, 99th Cong. 1st Sess. 18 n. 2 *reprinted in* 1985 USCCAN 132, 146 n.26 (Congress emphasized that "this section should not be used as a trap for the unwary resulting in the unwarranted denial of fees," and instructed courts to avoid an "overly technical construction" of the timeliness requirement.)

In addition, by restricting post-limitations period supplementation to only those timely-filed EAJA applications that contain averments asserting that the applicant satisfies each of the EAJA's pleading requirements, the risk that the government will be forced to "waste time an money addressing superfluous arguments" is significantly reduced, particularly when compared to those applications that fail to make such assertions. *Sierra Club*, 1999 WL 652047, at *2 (ruling on plaintiffs' motion for reconsideration.) Because FS's application was filed in a timely manner and makes averments regarding each of the EAJA's four pleading requirements, the Court is of the opinion that the district court retains jurisdiction to permit FS to supplement its application.

## II. The Seventh Circuit's Decision Triggered the EAJA's Thirty-Day Filing Period.

In the alternative, FS asserts that, because the district court has not yet complied with the Seventh Circuit's mandate to vacate its judgment, there has not been a "final judgment" rendered in this case. [3] Therefore, FS argues, the EAJA's thirty-day filing period has not yet run, and the district court retains subject matter jurisdiction to consider an amended fee petition, even under the rationale embraced in *Sierra Club*.

Resolution of FS's argument turns upon whether there is a final judgment in this case. In determining whether an application is timely under the EAJA, several courts have determined that, even when an appellate court decision appears to terminate the litigation between the parties, the clock does not begin to run until the district court enters a final judgment pursuant to Federal Rule of Civil Procedure 58. *Shalala v. Schaefer*, 509 U.S. 292, 293 (1993); *Newsome v. Shalala*, 8 F.3d 775, 780 (11th Cir. 1993); *O"Conner v. Shalala*, 23 F.3d 1232, 1234 (7th Cir. 1994). In *Schaefer*, the Supreme Court held that "[t]he EAJA's 30-day time limit runs from the end of the period for appeal, and that period does not begin to run until a judgment is entered in compliance with the formalities of Rule

---

[3] Presumably, FS filed its EAJA petition on December 19, 2001 believing that the November 27, 2001 decision by the Seventh Circuit resulted in a final judgment.

12

58." 509 U.S. at 293. Rule 58 requires that a district court set forth every judgment "on a separate document," and is only effective when set forth on the docket. FED. R. CIV. P. 58; *Schaefer*, 509 U.S. at 302. Both parties agree that the district court has not yet complied with the Seventh Circuit's mandate to vacate its judgment, and that, following the Seventh Circuit's ruling, there is no final judgment set forth on the district court's docket.

The NLRB counters that the cases relied upon by FS are primarily social security cases, and that social security cases are distinguishable. *See Shalala v. Schaefer*, 509 U.S. 292 (1993); *Newsome v. Shalala*, 8 F.3d 775 (11th Cir. 1993); *O'Conner v. Shalala*, 23 F.3d 1232 (7th Cir. 1994). In Social Security cases, the district court reserves exclusive authority of remand to the administrative agency. 42 U.S.C. § 405(g) (West 2002); *O'Conner*, 23 F.3d at 1234. Because of the district court's exclusive authority, the NLRB argues, it is impossible for a Social Security litigant to be a "prevailing party" without the district court first entering a final judgment. Conversely, in the case at bar, the Seventh Circuit possesses the authority to dismiss requests for TRO's and the Seventh Circuit's dismissal resulted in a final judgment.

The Court acknowledges that many of the cases cited above expressly limit their holdings to Social Security cases, and that

an appellate court's authority to enter a final judgment in such cases is limited by statute. Undeterred, FS asserts that, even if the Seventh Circuit has the authority to issue a final judgment, that judgment did not become final until either the Seventh Circuit's mandate was entered, or 30 days after the time for certiorari expired.[4]

"The 30-day period during which an applicant can file for EAJA fees begins to run only after the 90-day time for filing a petition for a writ of certiorari with the Supreme Court has expired." *Al-Harbi v. Immigration and Naturalization Serv.*, 284 F.3d 1080, 1083 (9th Cir. 2002); *see also Kolman v. Shalala*, 39 F.3d 173, 175 (7th Cir. 1994) (30 day period begins to run "upon the expiration of the time for seeking review of the judgment in the Supreme Court.") However, the Eleventh Circuit has reasoned that a judgment is final and not appealable for purposes of the EAJA when the government makes clear its intention that no appeal will be forthcoming. *Myers v. Sullivan*, 916 F.2d 659, 671 (11th Cir. 1990) (When the government dismisses an appeal, the date of dismissal commences the thirty- day period.) The *Myers* court explained that it "adopted a functional approach in determining

---

[4] The Court disagrees that the entry of the mandate triggers the thirty-day period. "As a practical matter, '[f]or most purposes, the entry of judgment, rather than the issuance of the mandate marks the effective end to a controversy on appeal." *In re Chambers Development Co.*, 148 F.3d 214, 224 n.8 (3d Cir. 1998).

14

what constitutes a 'final judgment' under the EAJA. Under this approach, we have construed the Act's definition of 'final judgment' as designating 'the date on which a party's case has met its final demise,' such that there is no longer any possibility that the district court's judgment is open to attack." *Id.* at 669.

Applying the Eleventh Circuit's functional approach to the instant case, the Court notes that both FS and the NLRB requested that the Seventh Circuit dismiss the NLRB's appeal as moot. Certainly, where the government has requested that its appeal be dismissed as moot, the government is making clear that no additional appeal with be forthcoming. It is telling that FS operated under the assumption that it believed the Seventh Circuit's ruling resulted in the demise of the lawsuit when it initially filed its EAJA application within 30 days of the Seventh Circuit's ruling. Therefore, the Court finds that the thirty-day period began to run on November 27, 2001 and FS's subsequent request to supplement its application was made after the expiration of that time.

## **CONCLUSION**

The district court has previously held that the EAJA's pleading requirements are jurisdictional in nature, and that courts lack jurisdiction to permit petitioners to supplement their applications after the EAJA's time period has elapsed.

15

However, because FS's application makes averments as to each of the EAJA's four pleading requirements, this Court is of the opinion that the district court has jurisdiction to consider the application and permit supplementation.

The Court is also of the opinion that the 30-day period began to run on November 27, 2001, when the Seventh Circuit issued its decision dismissing the NLRB's appeal of the district court's order denying injunctive relief.

Therefore, the Court recommends that the district court permit FS to supplement its EAJA application.

DATED: June 6, 2002          RESPECTFULLY SUBMITTED:

                                      _____
                                      ARLANDER KEYS
                                      United States Magistrate Judge

Counsel have ten days from the date of service to file objections to this Report and Recommendation with the Honorable Suzanne B. Conlon. See FED. R. CIV. P. 72 (b); 28 U.S.C. § 636 (b) (1). Failure to object constitutes a waiver of the right to appeal. *Egert v. Connecticut Gen. Life Ins. Co.*, 900 F.2d 1032, 1039 (7th Cir. 1990).